## FIRST CONGREGATIONAL SOCIETY OF YORK, TRUSTEES OF, In re

Ohio Appeals, 9th Dist, Medina Co.

No. 159.   Decided Oct. 3, 1938.

Oviatt & Oviatt, Cleveland, for Addie Sloan, appellant.

John A. Weber, Medina, for the Trustees of the First Congregational Society of York, appellees.

### OPINION

By WASHBURN, J.

This was an action brought by the trustees of an unincorporated denominational church organization to sell the

church building. The building stands on real estate which has been used by the organization for church purposes for almost a century.

An heir of the grantor of the premises to said church organization intervened—claiming to be the owner of said premises by reversion. It was her claim that the buildng was fixed to and a part of the premises, and she asked that the trustees be enjoined from removing the building.

The trial court found for the trustees and authorized them to sell the building, and the matter is now before this court on an appeal on questions of law.

Counsel are familiar with the facts —which are, for the most part, undisputed; and for that reason we shall not discuss the facts.

This proceeding does not directly involve the question as to the ownership of the real estate, and as to that question we do not deem it necessary to decide whether the facts bring it within the law as set forth in the case of **In re Matter of Copps Chapel Methodist Episcopal Church, 120 Oh St 309,** or within the law as announced in **Schurch, et al, Trustees v Harraman, et, 47 Oh Ap 383.**

Notwithstanding the organization may be extinct under §10013, GC, we held that, under the statutes of Ohio and the record in this case, the trustees had a right to maintain the action.

We hold that a school house or a church building may be what is known in law as a fixture.

As between the immediate parties to a transaction, the true criterion of a fixture, as was said in an early Ohio case, is the united application of the following requisites, to-wit:

1. Actual annexation to the realty, or something appurtenant thereto.

2. Application to the use, or purpose, to which that part of the realty with which it is connected is appropriated.

3. The intention of the party making the annexation, to make a permanent accession to the freehold.

In the absence of an express agreement, the intention may be inferred from the nature of the article affixed, the relation and situation of the party making the annexation, the structure and mode of annexation, and the purpose or use for which the annexation has been made.

As between the parties, if there is no agreement or circumstances showing to the contrary, where a party erects an expensive church structure in pursuance of a written grant in the form of a deed to use the premises for church purposes only, which church structure can be removed without its destruction or material injury to the premises, the presumption that it was not the intention of the builder of such structure to make it a permanent annexation to the premises, and thereby a donation to the owner of the premises, is rational, and justifies an inference to that effect.

There was no forfeiture or re-entry clause in the deed, and nothing in any of the circumstances, as shown by the record, to justify the inference that either the grantor or the church organization intended that the structure in question should become the property of the grantor or any one claiming under him.

As between one claiming to be a reversionary owner and an organization erecting such a structure, the question as to the removal of the structure must be determined as though the original owner were making the objection to its removal.

Applying these principles to the record in the instant case, we are of the opinion that there is no error in the judgment of the trial court in granting permission to remove said church building.

**May v Board of Education, 12 Oh Ap, 456.**

**Wittenmeyer v Board of Education,**
10 C. C. 119.

The judgment will therefore be affirmed.

STEVENS, PJ. and DOYLE, J., concur.